UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | | |
|---|---|---|
| CONRAI ANDRE KABALLAH, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 0:21-cv-00082-GFVT-HAI |
| v. | ) | |
| | ) | |
| IVAN KROW, Warden, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Plaintiff Conrai Andre Kaballah, Jr.'s Objections [R. 29] to a Report and Recommendation prepared by United States Magistrate Judge Hanly Ingram. [R. 24.]  Judge Ingram recommends that the Court deny Mr. Kaballah's writ of habeas corpus and that no Certificate of Appealability issue.  *Id.*  Mr. Kaballah objects to Judge Ingram's recommended disposition.  [R. 29.]  For the reasons that follow, Mr. Kaballah's objections **[R. 29]** are **OVERRULED**, Judge Ingram's Report and Recommendation **[R. 24]** is **ADOPTED** as and for the opinion of the Court, and Mr. Kaballah's Section 2254 petition **[R. 1]** is **DISMISSED** with prejudice.

# I

Conrai Kaballah, Jr. is a prisoner of the Commonwealth of Kentucky serving a term of life imprisonment for the attempted murder of another inmate housed at the Louisville Metro Detention Center in 2014.  [R. 1; R. 24.]  The Kentucky Supreme Court upheld his conviction on August 20, 2020.  [R. 1 at 2.].  Mr. Kaballah filed a Section 2254 habeas petition in this Court on November 29, 2021.  *Id.*  Mr. Kaballah's petition asserts that the trial court abused its discretion

or otherwise erred in multiple ways, and that the government violated Mr. Kaballah's constitutional rights. *Id.* at 2-13.

Judge Ingram disagreed and prepared the instant Report and Recommendation. [R. 24.] Therein, he recommends that the Court dismiss Mr. Kaballah's petition and decline to issue a certificate of appealability. *Id.* at 21. Mr. Kaballah objects to Judge Ingram's Recommendation, and the matter is now ripe for review. [R. 29.]

## II

To receive review of a magistrate judge's decision, a party must submit particularized objections to a report and recommendation within fourteen days of the date of service thereof. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve issues. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). An objecting party must provide sufficient specificity "to enable the district court to discern those issues that are dispositive and contentious." *Miller*, 50 F.3d at 380.

Mr. Kaballah objects to Judge Ingram's recommendation that a certificate of appealability be denied, arguing under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) that reasonable jurists would find Judge Ingram's assessment of the constitutional claims debatable or wrong. [R. 29 at 2.] Mr. Kaballah contends that Judge Ingram's recommendation is an "unreasonable application of United States Supreme Court case law . . ." as it relates to what Mr. Kaballah believes were violations of his Fifth, Sixth, and Fourteenth Amendment rights at trial. *Id.* at 3. More specifically, Mr. Kaballah reasserts that several *Brady* violations occurred at trial, and that a

*Miranda* violation was not harmless error. *Id*. at 3-7. The Court considers Mr. Kaballah's objection in turn.

**B**

Mr. Kaballah first objects to Judge Ingram's recommendation that the Court conclude no *Brady* violations occurred. Judge Ingram found that no *Brady* violation occurred where evidence of witness Luke Payne's sentence reduction was allegedly withheld by the prosecution. Judge Ingram also found that no *Brady* violation occurred where the Commonwealth did not disclose an alleged threatening phone call from Ricardo Taylor to Payne. And lastly, Judge Ingram found that no *Brady* violation occurred where the Commonwealth deferred disclosure of Payne's identity.

Mr. Kaballah's *Brady* objection argues that the factual predicate upon which the Kentucky Supreme Court and Judge Ingram rely is mistaken. He asserts that Payne's sentence reduction was not actually revealed until *after* the close of all proof. [R. 29 at 3.] Mr. Kaballah contends that a *Brady* violation occurred because the Sixth Amendment's Confrontation Clause permits a defendant to cross-examine a witness on the issue of bias. *Id.* at 4 (citing *Davis v. Alaska*, 415 U.S. 308, 319-20 (1974)). Mr. Kaballah's states that "[b]ecause the reduction in Payne's sentence happened after the close of proof, [Kaballah's] counsel was not able to accurately cross-examine on the extent to which Payne's sentence had been reduced and why." *Id*.

Despite Mr. Kaballah's objection on this point, Judge Ingram actually addresses Mr. Kaballah's version of the facts in his Report and Recommendation. Judge Ingram found that "the evidence of Payne's sentence reduction was provided *during trial* and was not withheld until 'after trial.'" [R. 24 at 12.] Judge Ingram acknowledges that the Payne's sentence reduction was

3

not disclosed until after Payne had testified, but cites Mr. Kaballah's failure to provide "any Supreme Court case supporting his claim of a *Brady* violation for evidence that was disclosed during trial, but following the testimony of a witness." *Id*.  As Judge Ingram correctly pointed out, "*Brady* generally does not apply to delayed disclosure of exculpatory information, but only to complete failure to disclose." *Id*. at 11 (citing *O'Hara v. Brigano*, 499 F.3d 492, 502 (6th Cir. 2007) (quoting *United States v. Bencs*, 28 F.3d 555, 560 (6th Cir. 1994))).

Judge Ingram thoroughly examined the Kentucky Supreme Court's finding that no *Brady* violation occurred.  [R. 24 at 9-11.]  He found that Mr. Kaballah's argument that the very existence of a deal between Payne and the Commonwealth was speculative in nature, and does not "amount to the clear and convincing evidence required to rebut the state court's factual findings." *Id*.  Ultimately, Judge Ingram concluded that Mr. Kaballah has failed to show that the Kentucky Supreme Court's decision was not an unreasonable determination of the facts presented to the trial court.  *Id*. at 10.  Because Mr. Kaballah has not provided any Supreme Court case supporting his claim of a Brady violation for evidence that was disclosed during trial, but following the testimony of a witness, Judge Ingram found that the Kentucky Supreme Court did not unreasonably apply clearly established precedent of the United States Supreme Court.

The Court agrees with Judge Ingram's reasoning.  A *Brady* question in the habeus context is, essentially, about the fairness of the trial and whether prejudice ensued because of the delay in disclosure.  *Chinn v. Warden, Chillicothe Corr. Inst.*, 24 F.4th 1096, 1103 (6th Cir. 2022); *see also United States v. Paulus*, 952 F.3d 717, 728 (6th Cir. 2020).  The Court's duty is not to "ask whether the new evidence creates a reasonable probability of a different result." *Chinn*, 24 F.4th at 1103 (quotations omitted).  Rather, the Court asks whether any fair minded judge could agree with the state court's *Brady* assessment. *Id*.  "[S]o long as the state courts reach a decision that

4

reasonably applies Supreme Court precedent—however deficient some of the court's reasoning might be—we must deny the writ." *Davis v. Carpenter*, 798 F.3d 468, 475 (6th Cir. 2015). Judge Ingram determined that Mr. Kaballah failed to present clear and convincing evidence that rebutted the state court's factual findings. The Kentucky Supreme Court then applied the applicable United States Supreme Court precedent to those facts in a reasonable manner. For that reason, the Court sees no reason to disturb Judge Ingram's recommendation regarding alleged *Brady* violations related to a delayed disclosure of Mr. Payne's sentence reduction.[1]

### C

Mr. Kaballah also objects to Judge Ingram's recommendation regarding a *Miranda* violation. The Kentucky Supreme Court found that a *Miranda* violation occurred because Mr. Kaballah and his co-defendant "should have been *Mirandized* prior to interrogation due to the use of force, physical restraints, the interrogation occurring directly after a crime and a raid by the SORT team, and that neither were told they were free to leave." *Taylor v. Commonwealth*, 611 S.W.3d 730, 743 (Ky. 2020). The Kentucky Supreme Court also found, however, that any error was harmless because "the evidence used at trial from the interviews' recordings did not carry weight as to their guilt or innocence and was not a focal point of trial." *Id*.

Judge Ingram determined that Mr. Kaballah "only argues that he should have been *Mirandized*, with which the Supreme Court of Kentucky agreed." [R. 24 at 19.] According to Judge Ingram, Mr. Kaballah "does not identify any actual prejudice suffered or substantial and

---

[1] Judge Ingram also found that the threatening phone calls from Taylor to Payne do not amount to exculpatory or impeachment evidence for Mr. Kaballah. [R. 24 at 12.] In other words, the phone calls were not material because they could not "reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Id*. (citing *McNeill v. Bagley*, 10 F.4th 588, 598 (6th Cir. 2021)). Because Mr. Kaballah has not shown that the phone calls were material or favorable to him, Judge Ingram determined that Mr. Kaballah has also failed to show that the nondisclosure of the alleged threatening phone calls from Taylor to Payne violated *Brady*. Mr. Kaballah's objection fails to negate Judge Ingram's determination. Accordingly, the Court will leave undisturbed too Judge Ingram's findings regarding the phone calls from Taylor to Payne.

injurious effect." *Id.* Because the illegal interviews with Mr. Kaballah did not carry weight as to Mr. Kaballah's guilt or innocence, and because they were not a focal point of the trial, Judge Ingram expresses little doubt about whether the error had any injurious effect. *Id.* at 20.

Mr. Kaballah's written objection cites applicable Fourth Amendment case law, which reinforces a determination that everyone already agrees with: that Mr. Kaballah's *Miranda* rights were indeed violated. [*See* R. 29 at 6.] But remedying an error in the habeas context occurs "only if the error had substantial and injurious effect or influence in determining the jury's verdict." *Nicholson v. United States*, 78 F.4th 870, 884 (6th Cir. 2023) (citations and quotations omitted). Despite the *Miranda* violation, Mr. Kaballah's objection fails to materially explain why the *Miranda* error was not harmless. Thus, like Judge Ingram, the Court is unconvinced that Mr. Kaballah is entitled to habeas relief.

### III

Mr. Kaballah's objections do not present a reason to disturb Judge Ingram's recommended disposition. Judge Ingram, upon reviewing the Kentucky Supreme Court's opinion, correctly determined that no *Brady* violations occurred during the course of Mr. Kaballah's trial. Furthermore, Mr. Kaballah has failed to show why any error related to a violation of his *Miranda* rights was not harmless. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Mr. Kaballah's Objections **[R. 29]** are **OVERRULED**;

2. Judge Ingram's Report and Recommendation **[R. 24]** is **ADOPTED** as and for the opinion of the Court;

3. Mr. Kaballah's Section 2254 petition **[R. 1]** is **DISMISSED** with prejudice;

4. A Certificate of Appealability is **DENIED** as to all issues raised; and

5.  Judgment in this matter will follow promptly.

    This the 2nd day of July 2024.

Gregory F. Van Tatenhove
United States District Judge