UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | | |
|---|---|---|
| CONRAI ANDRE KABALLAH, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 0:21-cv-00082-GFVT-HAI |
| | ) | |
| v. | ) | |
| | ) | |
| IVAN KROW, Warden | ) | **OPINION** |
| | ) | **&** |
| Defendant. | ) | **ORDER** |

*** *** *** ***

This matter is before the Court on Plaintiff Conrai Kaballah, Jr.'s Motion to Vacate Judgment. [R. 36.] Mr. Kaballah brings this motion contending that this Court's Judgment, [R. 34; R. 35], was inappropriate on account of improper venue under Local Rule 3.2(b). He asks that the judgment therefore be vacated under Federal Rule of Civil Procedure 60(b) and for the case to be transferred to the Western District of Kentucky. For the reasons that follow, Mr. Kaballah's Motion is **DENIED**.

I

On November 29, 2021 Mr. Kaballah sought a writ of habeas corpus, challenging his state conviction in Jefferson County, Kentucky. [R. 1.] On January 12, 2023, Magistrate Judge Hanly A. Ingram provided a Report and Recommendation recommending Mr. Kaballah's habeas petition be denied. [R. 24.] On July 2, 2024 this Court, over Mr. Kaballah's objections, adopted that Recommendation and dismissed Mr. Kabllah's petition. [R. 34.] Mr. Kaballah now seeks to revisit that judgment, contending that this Court and the Eastern District of Kentucky was an improper venue for his Section 2254 petition under Local Rule 3.2(b). He states that the issue

was only discovered by his paralegal when he was preparing to file a notice of appeal. [R. 36 at 1.]

## II

As an initial matter, Mr. Kaballah's motion appears to present a matter of first impression in this circuit. Mr. Kaballah is certainly correct that, under LR 3.2(b), this matter should have been transferred to the Western District of Kentucky, the district where Mr. Kaballah's conviction took place. [R. 1.] However, much time and judicial effort has now been expended to reach a resolution in this case. As Mr. Kaballah notes, no one – not this Court or Mr. Kaballah himself – recognized until this late hour that venue in this case appears to be improper. Considering the uncharted waters it now finds itself, the Court must consider possible paths forward.

Under Federal Rule of Civil Procedure 60(b)(1) "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" on account of "mistake, inadvertence, surprise, or excusable neglect." This rule "is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002).

The governing venue statute, 28 U.S.C. § 1406, appears to be mandatory, stating "[t]he district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." (emphasis added). Likewise, the relevant Local Rule appears to be mandatory, stating "[a] removal or state habeas corpus petition *shall* be assigned to the jury division that includes the court from which the removal is had or in which the challenged

2

judgment, conviction or order was rendered." (emphasis added).  However, there is also no question that this Court has jurisdiction and venue under 28 U.S.C. § 2241.  That statue provides that in a state habeas case, "the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application."  It further states that "[t]he district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice *may* transfer the application to the other district court for hearing and determination," (emphasis added), which suggests transfer is discretionary under that statute.  Mr. Kaballah is housed at a prison in the Eastern District of Kentucky, [R. 1], making this district a perfectly proper jurisdiction under 28 U.S.C. § 2241.

      Considering a similar issue, the Seventh Circuit in *Moore v. Olson*, 368 F.3d 757 (7th Cir. 2004), determined that venue was a waivable[1] issue under 28 U.S.C. § 2241.  While unfortunately *Moore* does not deal with our Local Rules, it does point to one possible path forward – forfeiture.  There is no dispute, indeed Mr. Kaballah readily admits in his most recent motion, that this issue was undiscovered and therefore unraised until this point.  However, as Mr. Kaballah points out, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states that upon preliminary review "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  This does not answer the

---

[1] The more appropriate term here is forfeiture.  Waiver is the "intentional relinquishment or abandonment of a known right" while forfeiture is "the failure to make the timely assertion of a right."  *United States v. Olano,* 507 U.S. 725, 733 (1993).

3

possible conflicts between the scope of LR 3.2(b) and 28 U.S.C. § 2241, but does suggest that the onus is on the Court to determine if venue is proper in state habeas cases.

Another path forward involves taking a step back to consider the underlying purposes of the Local Rules. Federal Rule of Civil Procedure 83 allows district courts to promulgate local rules governing their practices as long as those rules are consistent with federal statutes and the Federal Rules of Civil Procedure. A district court's "interpretation and application of local rules 'are matters within the district court's discretion, [and] the district court's decision is reviewed for abuse of discretion.'" *S.S. v. E. Kentucky Univ.*, 532 F.3d 445, 451 (6th Cir. 2008) (quoting *Wright v. Murray Guard, Inc.,* 455 F.3d 702, 714 (6th Cir. 2006)). The Sixth Circuit has noted that "[o]nly in rare cases will [appellate courts] question the exercise of discretion in connection with the application of local rules." *Crown Serv. Plaza Partners v. City of Rochester Hills*, 215 F.3d 1325, 2000 WL 658029 at *4 (6th Cir. 2000) (quoting *United States v. Warren,* 601 F.2d 471, 473–74 (9th Cir.1979)). District courts must generally adhere to their local rules, which have the force of law. *Hollingsworth v. Perry*, 558 U.S. 183, 130 S. Ct. 705, 710 (2010).

However, many circuits have interpreted that adherence requirement loosely. *See Bylin v. Billings*, 568 F.3d 1224, 1230 fn 7 (10th Cir. 2009); *United States v. Diaz-Villafane*, 874 F.2d 43, 46 (1st Cir. 1989); *Pro. Programs Grp. v. Dep't of Com.*, 29 F.3d 1349, 1353 (9th Cir. 1994). As the Third Circuit succinctly held, "a district court can depart from the strictures of its own local procedural rules where (1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment*." United States v. Eleven Vehicles, Their Equip. & Accessories*, 200 F.3d 203, 215 (3d Cir. 2000). Given the Sixth Circuit's similarly deferential approach to a district court's interpretation and application of its local rules, this path forward carries the day.

4

As laid out in Local Rule 1.1, the local rules "provide standardized procedures for the convenience of the bench and bar" and "must be construed to be consistent with the Federal Rules of Civil Procedure and to secure the just, efficient and economical determination of civil actions." In light of this recognition of the importance of judicial economy, it makes the most sense to treat Rule 3.2(b) as a rule of convenience that fairly spreads habeas petitions across both Kentucky judicial districts. Certainly, it should be followed *ex ante*, but it does not provide for challenge under Federal Rule of Civil Procedure 60 *ex post*. Furthermore, Mr. Kaballah has presented no argument to suggest that he was unfairly prejudiced by the failure to apply this local rule of which he was previously unaware. Therefore, the Court's failure to properly transfer Mr. Kaballah's petition is inadequate grounds to vacate the ensuing judgment.

Make no mistake, there is no question that this Court was possessed of the power and statutory jurisdiction to hear Mr. Kaballah's petition. As noted above, Local Rule 1.1 provides that the local rules "must be construed to be consistent with the Federal Rules of Civil Procedure." Federal Rule of Civil Procedure 82 emphasizes that the rules "do not extend or limit the jurisdiction of the district courts." The Supreme Court itself has made clear that Court-prescribed rules governing practice and procedure in the federal courts, which include the Federal Rules of Civil Procedure, "do not create or withdraw federal jurisdiction." *Penney v. United States*, 870 F.3d 459, 462 (6th Cir. 2017) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 370 (1978)). Not only does Local Rule 3.2 *not* limit this Court's jurisdiction, it *cannot* limit this Court's jurisdiction. The Eastern and Western Districts of Kentucky were equally empowered to hear Mr. Kaballah's case under 28 U.S.C. § 2241(d) and 28 U.S.C. § 2254 – he cannot now contend that the "wrong" one did so.[2]

---

[2] While non-binding, the Seventh Circuit's decision in *Moore v. Olson*, 368 F.3d 757, 759-760 (7th Cir. 2004), treated 28 U.S.C. § 2241 as a provision limiting venue, not subject-matter jurisdiction. The Court

**III**

Accordingly, the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Mr. Kaballah's Motion to Vacate **[R. 36]** is **DENIED**; and

2. Mr. Kaballah's Motion for Ruling **[R. 37]** is **DENIED AS MOOT**.

This the 14th day of November 2024

Gregory F. Van Tatenhove
United States District Judge

---

in *Moore* noted that subject-matter jurisdiction over habeas claims is made possible via 28 U.S.C. § 1331, which provides federal courts with jurisdiction over claims that entail federal questions.